UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

———————————————————
                                        )
DAMON ELLIOTT,                          )
                                        )
          Plaintiff,                    )
                                        )
    v.                                  )        Civil Action No. 07CV0205 (JDB)
                                        )
UNITED STATES DEPARTMENT                )
  OF JUSTICE,                           )
                                        )
                                        )
          Defendant.                    )
———————————————————)

**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant United States Department of Justice, by and through undersigned counsel,

respectfully moves this Court for summary judgment because there are no material issues of fact

and defendant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In support of this

motion, Defendant refers the Court to the attached memorandum of points and authorities,

statement of material facts not in genuine dispute, and the declaration of Melanie Ann Pustay.

*Pro Se* Plaintiff should take notice that any factual assertions contained in the affidavit

and other attachments in support of defendant's motion may be accepted by the Court as true

unless the plaintiff submits his own affidavits or other documentary evidence contradicting the

assertions in the defendant's attachments. See Neal v. Kelly, 963 F.2d 453 (D.C. Cir. 1992),

Local Civil Rule 7(h) and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal
> knowledge, shall set forth such facts as would be admissible in
> evidence, and shall show affirmatively that the affiant is competent
> to testify to the matters stated therein. Sworn or certified copies of
> all papers or parts thereof referred to in an affidavit shall be

> attached thereto or served therewith.  The court may permit
> affidavits to be supplemented or opposed by depositions, answers
> to interrogatories, or further affidavits.  When a motion for
> summary judgment is made and supported as provided in this rule,
> an adverse party may not rest upon the mere allegations or denials
> of the adverse party's pleading, but the adverse party's response, by
> affidavits or as otherwise provided in this rule, must set forth
> specific facts showing that there is a genuine issue for trial.  If the
> adverse party does not so respond, summary judgment, if
> appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

A statement of material facts not genuinely in dispute and draft order are also filed

herewith.

Dated: April 4, 2007.

Respectfully submitted,

_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
555 4TH Street, N.W. - Room E 4112
Washington, D.C.  20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
DAMON ELLIOTT,                      )
                                    )
            Plaintiff,              )
                                    )
      v.                            )        Civil Action No. 07CV0205 (JDB)
                                    )
UNITED STATES DEPARTMENT            )
   OF JUSTICE,                      )
                                    )
                                    )
            Defendant.              )
_____)

**DEFENDANT'S MEMORANDUM IN SUPPORT
OF MOTION FOR SUMMARY JUDGMENT**

    Defendant, through counsel, respectfully submits this memorandum of points and

authorities in support of its motion for summary judgment.

**SUMMARY**

    This case arises under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and

Plaintiff's FOIA request to the Office of Information and Privacy ("OIP"). The request at issue

here seeks records regarding the Beltsville Agricultural Center ("BARC"). Specifically, Plaintiff

requests "a copy of the title ceding of jurisdiction over the land of the [BARC] . . ." See

Complaint at 2. The OIP responded that it did not have documents responsive to Plaintiff's

request. Further, Plaintiff previously filed a complaint in this Court, in response to OIP's alleged

failure to respond to one of his requests regarding the BARC. See Damon Elliott v. United

States Attorney General, Civil Action No. 06-1128 (JDB). In that case, the Court granted

summary judgment for the Defendant, concluding that OIP had conducted a reasonable and

adequate search.

Plaintiff's challenge should be denied and summary judgment granted to Defendant, because OIP conducted a reasonable and adequate search for records and found none responsive to Plaintiff's FOIA request.  Moreover, Plaintiff's Complaint should be dismissed because his FOIA claim is barred by the principles of res judicata.

## FACTUAL BACKGROUND

The relevant facts are contained in the attached Statement of Material Facts Not in Genuine Dispute.

## ARGUMENT

The core purpose of FOIA is to shed light on government operations and activity. Department of Justice v. Reporters Committee for Freedom of the Press, 489 U.S. 749, 773 (1989).  The statute was designed "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." Department of the Air Force v. Rose, 425 U.S. 352, 361 (1976).  Allowing public access to government documents will enable an informed citizenry to hold the governors accountable to the governed.  John Doe Agency v. John Doe Corporation, 493 U.S. 146, 151 (1989).

FOIA, however, does not allow the public to have unfettered access to government files. McCutchen v. Department of Health and Human Services, 30 F.3d 183, 184 (D.C. Cir. 1994). Although disclosure is the dominant objective of FOIA, there are several exemptions to the statute's disclosure requirements.  Department of Defense v. FLRA, 510 U.S. 487, 494 (1994). To protect materials from disclosure, the agency must show that they come within one of the FOIA exemptions.  Public Citizen Health Research Group v. FDA, 185 F.3d 898, 904 (D.C. Cir.

2

1999).  An agency is entitled to summary judgment where there are no material facts in dispute and the requested information has been produced or is exempted from disclosure under FOIA. Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001).

## I.    Legal Standards

### A.    Evidentiary Standard for Summary Judgment

Where no genuine dispute exists as to any material fact, summary judgment is required. Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986).  A genuine issue of material fact is one that would change the outcome of the litigation.  Id. at 247.  "The burden on the moving party may be discharged by 'showing'—that is, pointing out to the [Court]—that there is an absence of evidence to support the non-moving party's case."  Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987).  Once the moving party has met its burden, the non-movant—here Plaintiff—may not rest on mere allegations, but must instead proffer specific facts showing that a genuine issue exists for trial.  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  Thus, to avoid summary judgment here, Plaintiff must present some objective evidence that would enable the court to find he is entitled to relief.

In Celotex Corp. v. Catrett, the Supreme Court held that, in responding to a proper motion for summary judgment, the party who bears the burden of proof on an issue at trial must "make a sufficient showing on an essential element of [his] case" to establish a genuine dispute. 477 U.S. 317, 322-23 (1986); see also Laningham v. Navy, 813 F.2d 1236, 1242 (D.C. Cir. 1987) (the non-moving party is "required to provide evidence that would permit a reasonable jury to find" in its favor).  In Celotex, the Supreme Court further instructed that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an

3

integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"  477 U.S. at 327 (quoting Fed. R. Civ. Pro. 1).

**B.    Summary Judgment in FOIA Cases**

The summary judgment standards set forth above also apply to FOIA cases, which are typically decided on motions for summary judgment.  See Cappabianca v. Commissioner, U.S. Customs Serv., 847 F. Supp. 1558, 1562 (M.D. Fla. 1994) (citing Miscavige v. IRS, 2 F.3d 366, 368 (11th Cir. 1993)).  For purposes of summary judgment, an agency's decision to withhold information from a FOIA requester is subject to de novo review by the courts.  Hayden v. National Security Agency Cent. Sec. Serv., 608 F.2d 1381, 1384 (D.C. Cir. 1979), cert. denied, 446 U.S. 937 (1980).  In a FOIA suit, an agency is entitled to summary judgement once it demonstrates that no material facts are in dispute and that each document that falls within the class requested either has been produced, is unidentifiable, or is exempt from disclosure.  See Students Against Genocide v. Dept. of State, 257 F.3d 828, 833 (D.C. Cir. 2001); Weisberg v. U.S. Dept. of Justice, 627 F.2d 365, 368 (D.C. Cir. 1980).

As a practical matter, this standard for summary judgment means that the agency must provide the Court and the plaintiff with affidavits or declarations and other evidence which show that the documents are exempt from disclosure.  See, e.g., Center for Nat'l Security Studies v. U.S. Dep't of Justice, 331 F.3d 918, 927 (D.C. Cir. 2003); Hayden, 608 F.2d at 1384, 1386. Summary judgment may be granted to an agency in a FOIA case solely on the basis of agency affidavits [or declarations] if the "affidavits are 'relatively detailed, non-conclusory, and not impugned by evidence . . . of bad faith on the part of the agency.'"  Public Citizen, Inc. v. Dept. of State, 100 F. Supp.2d 10, 16 (D.D.C. 2000) (quoting McGhee v. Central Intelligence Agency,

697 F.2d 1095, 1102 (D.C. Cir. 1983)); see also Nat'l Security Studies, 331 F.3d at 927.

## II.    OIP Conducted An Adequate Search for Responsive Records.

The agency's burden is to establish that it has conducted a search reasonably calculated to

uncover all responsive records.[1]  Weisberg v. Department of Justice, 745 F.2d 1476, 1485 (D.C.

Cir. 1984).  The issue is not whether there might possibly exist other records responsive to the

request, but whether the search for responsive records was reasonable.  Id.  The agency can

establish the reasonableness of its search by affidavits if they are relatively detailed, non-

conclusory, and made in good faith.  Weisberg, 745 F.2d at 1485.  Summary judgment is

appropriate where the agency submits  a "'reasonably detailed affidavit, setting forth the search

terms and the type of search performed, and averring that all files likely to contain responsive

materials (if such records exist) were searched,'" unless "a review of the record raises substantial

doubt" about the adequacy of the search.  Valencia-Lucena v. United States Coast Guard, 180

F.3d 321, 326 (D.C. Cir. 1999), quoting Oglesby v. Department of Army, 920 F.2d 57, 68 (D.C.

Cir. 1990).

The FOIA does not require that an agency search every division or field office in

response to a FOIA request when responsive documents are likely to be located in one place.

Marks v. Dep't of Justice, 578 F.2d 261, 263 (9th Cir. 1978).  "When a request does not specify

the locations in which an agency should search, the agency has discretion to confine its inquiry to

a central filing system if additional searches are unlikely to produce any marginal return; in other

---

[1]  An agency must respond to a FOIA request only if it "reasonably describes" the records
it seeks.  5 U.S.C. § 552(a)(3)(A).  A request meets this standard only if a professional agency
employee familiar with the subject area is able to locate the requested records with a "reasonable
amount of effort."  H.R. Rep. No. 93-876, at 6 (1974), reprinted in 1974 U.S.C.C.A.N. 6271.

words, the agency generally need not 'search every record system.'" Campbell v. United States

Dep't of Justice, 164 F.3d 20, 28 (D.C. Cir. 1998), quoting Oglesby, 920 F.2d at 68. "The

agency is not required to speculate about potential leads" to the location of responsive

documents, Kowalczyk v. Department of Justice, 73 F.3d 386, 389 (D.C. Cir. 1996), although it

is required "to follow through on obvious leads to discover requested documents." Valencia-

Lucena, 180 F.3d at 325. "Mere speculation that as yet uncovered documents may exist does not

undermine the finding that the agency conducted a reasonable search for them." Safecard Serv.,

Inc. v. Securities & Exch. Comm'n, 926 F.2d 1197, 1201 (D.C. Cir. 1991).

In this case, OIP conducted a reasonable search for responsive records and found none.

See Declaration of Melanie Ann Pustay ("Pustay Decl.") at ¶ 5. Specifically, in response to

plaintiff's request, OIP conducted a search of the electronic database of the Departmental

Executive Secretariat ("DES"). See id. The DES uses a central database to control and track

certain incoming and outgoing correspondence for the Department's senior management offices

and is the official records repository for the Offices of the Attorney General, Deputy Attorney

General, and Associate Attorney General. See id. Records are entered into the DES's Intranet

Quorum and the Records Management System ("RMS") by trained Executive Secretariat

analysts.[2] See id. The data elements entered into the system include such items as the date of the

document, the date of receipt, the sender, the recipient, as well as a detailed description of the

subject of the record. See id.

---

[2] The Departmental Executive Secretariat's Intranet Quorum ("IQ") database covers the period from January 1, 2001 through the present, and the Records Management System ("RMS"), covers the period of 1987 through 2000. See Pustay Decl. at ¶ 5. By utilizing both database systems, OIP ensured that its search would be likely to locate all records responsive to Plaintiff's request. See id.

In addition, entries are made that, among other things, reflect what action is to be taken on the record, which component has responsibility for that action, and when that action should be completed.  See Pustay Decl. at ¶ 5.  Key word searches of the electronic database may then be conducted utilizing a single search parameter or combinations of search parameters.  Search parameters may include the subject, organization, date, name, or other key words.  Key word searches of both the IQ and RMS databases were conducted using the following terms without a date restriction: "Beltsville Agricultural Research Center," "Beltsville," and "BARC."  See id. No records concerning the BARC were located in either database maintained by the DES.  See id.

## III.    OIP's Declaration Is Sufficient.

OIP has submitted in support of this motion the declaration of Melanie Ann Pustay.  Ms. Pustay is the Acting Director of OIP, United States Department of Justice.  See Pustay Decl. at ¶ 1.  Prior to January 4, 2007, Ms. Pustay was the Deputy Director and the final decision-making authority for the Initial Request ("IR") Staff.  See id.  The IR Staff is responsible for searching for and reviewing records within OIP and the senior leadership offices of the Department of Justice, including the Officers of the Attorney General, Deputy Attorney General, and Associate Attorney General, in response to requests made under the FOIA.  See id.  The IR Staff determines whether the records responsive to access requests exist and, if so, whether they can be released in accordance with the FOIA. See id.  In processing such requests, the IR Staff consults with personnel in the senior leadership offices and, when appropriate, with other components within the Department of Justice as well as with other Executive Branch agencies.  See id.

Due to the nature of Ms. Pustay's official duties, she is familiar with both the procedures

7

routinely followed by OIP in responding to FOIA requests and with the particular actions taken

by OIP in responding to Plaintiff's request.  See id. at ¶ 2.  In describing OIP's response to

Plaintiff's request, Ms. Pustay's declaration is sufficiently detailed and non-conclusory and

provides the Court with an adequate basis for review of OIP's response to Plaintiff's request.

There is no evidence of bad faith by the agency.

**IV.    Summary Judgment Is Appropriate Because No Responsive Records Exist.**

Here, the agency carried its burden to show that it conducted a search reasonably

calculated to uncover all responsive records.  See Pustay Decl. at ¶ 5; see Weisberg, 745 F.2d at

1485; Perry v. Block, 684 F.2d at 126.  That is all that is required.  Kuffel v. United States

Bureau of Prisons, 882 F. Supp. 1116, 1120-21 (D.D.C. 1995) (no jurisdiction exists over claims

where agency conducted good faith, reasonable search and found no responsive documents);

Bartlett v. United States Dep't of Justice, 867 F. Supp. 314, 316 (E.D. Pa. 1994).  When a FOIA

request is pending, the agency is only able or obligated to release material that it actually has.

See Maynard, 986 F.2d at 564 ("The fact that a document once existed does not mean that it now

exists; nor does the fact that an agency created a document necessarily imply that the agency has

retained it.").  Because Plaintiff cannot receive documents that do not exist, judgment should be

entered in favor of the Defendant.

**V.    Principles Of Res Judicata And Collateral Estoppel Preclude Plaintiff From
Obtaining Relief**

Under the related doctrines of res judicata and collateral estoppel, a final judgment on the

merits of an action precludes the parties from relitigating issues that were or could have been

finally decided; and once a court has decided an issue of fact or law necessary to its judgment,

that decision may preclude relitigation of the issue in a suit on a different cause of action involving a party to the first action.  Allen v. McCurry, 449 U.S. 90, 94 (1980); United States v. Mendoza, 464 U.S. 154 (1984); Montana v. United States, 440 U.S. 147, 153 (1979); American Employers Insurance Company v. American Security Bank, 747 F.2d 1493, 1498 (D.C. Cir. 1984); I.A.M. National Pension Fund v. Industrial Gear Manufacturing Company, 723 F.2d 944, 947 (D.C. Cir. 1983).

Res judicata bars a claim where there has been a final judgment on the merits in a prior suit involving the same parties or their privies and the same cause of action.  See Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n. 5 (1979).  Drake v. FAA, 291 F.3d 59, 66 (D.C. Cir. 2003);  I.A.M. Nat'l Pension Fund v. Indus. Gear Mfg. Co., 723 F.2d 944, 946-47 (D.C. Cir. 1983).  "The doctrines of res judicata and collateral estoppel are designed to 'preclude parties from contesting matters that they have had a full and fair opportunity to litigate.'" Carter v. Rubin, 14 F Supp.2d 22, 33 (D.D.C. 1998) (citing Montana v. United States, 440 U.S. 147, 153-54 (1979)).  Res judicata acts to "conserve judicial resources, avoid inconsistent results, engender respect for judgments of predictable and certain effect, and to prevent serial forum-shopping and piecemeal litigation." Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981). As explained by the Supreme Court:

> [T]he doctrine of res judicata provides that when a final judgment has been entered on the merits of a case, "[i]t is a finality as to the claim or demand in controversy, concluding parties and those in privity with them, not only as to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose."

Nevada v. United States, 463 U.S. 110, 129-30 (1983) (quoting Cromwell v. Sac County, 94 U.S.

351, 352 (1876)). "The final 'judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever.'" Id. at 130 (quoting CIR v. Sunnen, 333 U.S. 591, 597 (1948)).

To determine whether the doctrine of res judicata applies, the Court must decide (1) whether the parties are identical or in privity with each other in both suits; (2) whether the present claim is the same as a claim that was raised or might have been raised in the first proceeding; (3) whether a judgment was issued in the first action by a court of competent jurisdiction; and (4) whether the earlier decision was a final judgment on the merits. See Paley v. Estate of Ogus, 20 F.Supp. 2d 83, 87 (D.D.C.1998) (citing U.S. Indus., Inc. v. Blake Constr. Co., 765 F.2d 195, 205 n. 21 (D.C. Cir.1985)).

Application of the doctrine of collateral estoppel "represents a decision that the needs of judicial finality and efficiency outweigh the possible gains of fairness or accuracy from continued litigation of an issue that previously has been considered by a competent tribunal." Nasem v. Brown, 595 F.2d 801, 806 (D.C. Cir. 1979). Application of the doctrine thereby serves to relieve parties of the burdens attending multiple lawsuits; conserves judicial resources; minimizes the risk of forum-shopping, piecemeal litigation, and inconsistent decisions; and provides finality in the resolution of disputes. United States v. Mendoza, 104 S. Ct. at 571; see Hardison v. Alexander, 655 F.2d 1281, 1288 (D.C. Cir. 1981).

Plaintiff has already litigated before this Court the very claim he asserts herein. His allegation in Damon Elliott v. United States Attorney General, Civil Action No. 06-1128 (JDB), concerned OIP's alleged failure to respond to one of his FOIA requests regarding the BARC. See Pustay Decl. at ¶ 9 and Exhibit E attached thereto. Specifically, Plaintiff sought "a copy of

10

the Notice of United States Acceptance of jurisdiction Documents, over the Beltsville

Agricultural Research Center in Beltsville, Maryland." <u>See</u> Exhibit E to Pustay Decl. at 1

(internal quotations omitted). In this case as in that case, "[n]o responsive records were located."

<u>See</u> <u>id.</u> at 2 (citation omitted). Further, the parties were identical, the searches for responsive

records were identical, and Plaintiff received a full and fair opportunity to litigate his claim.

This Court concluded that Defendant demonstrated "its compliance with the FOIA by

having conducted a reasonable and adequate search for records responsive to plaintiff's FOIA

request." <u>See</u> Pustay Declaration at ¶ 11 and Exhibit G attached thereto at 6. That ruling bars

Plaintiff from relitigating his FOIA claim.

## CONCLUSION

For the foregoing reasons, defendant respectfully requests entry of summary judgment. A

proposed order setting forth the relief requested is attached.

Respectfully submitted,

_____s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney


_____s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney


_____s/_____
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that, on April 4, 2007, I served a copy of the foregoing

Defendant's Motion for Summary Judgment, a supporting memorandum, and a proposed Order

by first class mail, postage pre-paid, to the following:


Damon Elliott
Register No. 31034-037
P.O. Box 1034, FCC U.S.P.
Coleman, FL.  33521



_____
KAREN L. MELNIK, D.C. Bar #436452
Assistant United States Attorney
Civil Division
555 4th Street, N.W.
Washington, D.C.  20530
(202) 307-0338

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____

DAMON ELLIOTT,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )      Civil Action No. 07CV0205 (JDB)
                                        )
UNITED STATES DEPARTMENT                )
  OF JUSTICE,                           )
                                        )
                                        )
            Defendant.                  )
_____)

## STATEMENT OF MATERIAL FACTS NOT IN GENUINE DISPUTE

Pursuant to Local Rule 7(h), Defendant respectfully submits this statement of material

facts as to which it contends there is no genuine dispute.

### A.  Plaintiff's FOIA Request To OIP

1.      By letter dated September 3, 2006, plaintiff submitted a FOIA request to OIP for

records regarding  the Beltsville Agricultural Research Center (BARC).  Specifically,

plaintiff sought a copy of the "[d]ocument ceding . . . jurisdiction over the land" of the

BARC.  See Declaration of Melanie Ann Pustay ("Pustay Decl.") at ¶ 3.  Plaintiff's

request was received by OIP on September 21, 2006.  See id. and Exhibit A attached

thereto.

2.      Plaintiff's September 3, 2006 FOIA request was preceded by six additional FOIA

requests plaintiff had already submitted to OIP, all for records concerning the BARC.[1]

See Pustay Decl. at ¶ 4.  In response to those previous requests, OIP repeatedly advised

_____

[1]  These previous FOIA requests were submitted by letters dated July 23, 2001, August 7, 2001,
November 27, 2001, December 28, 2001, November 24, 2005, and December 7, 2005.

plaintiff that OIP would not maintain the records he sought and that he should direct his request to either the BARC itself or the Department of Agriculture, which is responsible for administering the BARC.[2]  See id.

3.     Two days prior to receipt of plaintiff's most recent, September 6, 2006 FOIA request, the FOIA Specialist assigned to plaintiff's requests conducted a search of the electronic database of the Departmental Executive Secretariat.  See Pustay Decl. at ¶ 5.  This search, conducted on September 19, 2006, included both the Departmental Executive Secretariat's Intranet Quorum (IQ) database, which covers the period of January 1, 2001 through the present, and the Records Management System (RMS), which covers the period of 1987 through 2000.[3]  See id.

4.     The Departmental Executive Secretariat uses a central database to control and track certain incoming and outgoing correspondence for the Department's senior management offices and is the official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General.  See Pustay Decl. at ¶ 5. Records are entered into IQ and RMS  by trained Executive Secretariat analysts.

5.     The data elements entered into the system include such items as the date of the document, the date of receipt, the sender, the recipient, as well as a detailed description of the subject of the record.  See id.  In addition, entries are made that, among other things, reflect what action is to be taken on the record, which component has responsibility for that action,

---

[2] OIP's responses to plaintiff's previous requests, dated September 11, 2001, March 13, 2002, March 19, 2002, and January 10, 2006, are attached hereto as part of Exhibit E.

[3] OIP's September 19, 2006 search of the Departmental Executive Secretariat was conducted in conjunction with plaintiff's previous litigation on this matter, discussed below.

and when that action should be completed.  <u>See</u> <u>id.</u>

6.      Key word searches of the electronic database may then be conducted utilizing a single search parameter or combinations of search parameters.  <u>See</u> <u>id.</u>  Search parameters may include the subject, organization, date, name, or other key words.  Key word searches of both the IQ and RMS databases were conducted using the following terms without a date restriction: "Beltsville Agricultural Research Center," "Beltsville," and "BARC."  No records concerning the BARC were located in either database maintained by the Departmental Executive Secretariat.  <u>See</u> <u>id.</u>

7.      By letter dated October 18, 2006, OIP advised plaintiff that a search had been conducted of the electronic database of the Departmental Executive Secretariat and that no responsive records were located.  <u>See</u> Pustay Decl. at ¶ 6.  Plaintiff was further advised that, as stated in previous correspondence from OIP, to the extent that he is seeking records concerning the BARC he should direct his request to the U.S. Department of Agriculture as the most likely federal agency to maintain such records.  <u>See</u> <u>id.</u>  Lastly, plaintiff was advised that, given the results of OIP's records search and previous correspondence provided to plaintiff, OIP would not respond to any future inquiries from plaintiff concerning the BARC.  <u>See</u> <u>id.</u> and Exhibit B attached thereto.

8.      By letters dated October 23 and December 5, 2006, plaintiff administratively appealed the action of OIP's IR Staff on his September 3, 2006 FOIA request.  <u>See</u> Pustay Decl at ¶ 7.  These appeals were received by OIP on January 26 and February 15, 2007.[4]  <u>See</u> <u>id.</u> and

---

[4]  Because of interrupted mail service, plaintiff's October 23, 2006 appeal letter was not received by OIP until after the receipt of his December 5, 2006 appeal letter.  As such, his earlier-dated letter was treated as a duplicate of his later-dated letter.

Exhibit C attached thereto.

9.     By letter dated February 21, 2007, OIP's Associate Director advised plaintiff that,

because he has filed a Complaint for judicial review of OIP's action on his September 3,

2006 FOIA request, his administrative appeal was being closed pursuant to 28 C.F.R. §

16.9(a)(3)(2006).  See Pustay Decl at ¶ 8 and Exhibit D attached thereto.

**B.     Plaintiff's Previous Litigation**

10.    On June 21, 2006, plaintiff filed a Complaint with the Court in response to OIP's alleged

failure to respond to one of his requests regarding the BARC.  See *Damon Elliott v.*

*United States Attorney General*, Civil Action No. 06-1128 (JDB) (2006).  See Pustay

Decl. at ¶ 9.  In Ms. Pustay's declaration dated August 21, 2006, she stated that OIP had

never received a September 2001 FOIA request from plaintiff and that, in response to

plaintiff's six previous requests on the same subject, OIP had repeatedly advised plaintiff

to direct his request either to the BARC itself or to the Department of Agriculture.  See

id. and Exhibit E attached thereto.

11.    Pursuant to the September 21, 2006 Declaration of Tricia S. Wellman, then Acting

Deputy Director of OIP, OIP advised the Court that a search was conducted of the

electronic database of the Departmental Executive Secretariat on September 19, 2006,

and no records regarding the BARC were located.  See Pustay Decl. at ¶ 10.  This records

search, as described above, was conducted in conjunction with plaintiff's September 3,

2006 FOIA request presently at issue before the Court.  See id. and Exhibit F attached

thereto.

12.    Based on OIP's description of its search of the electronic database of the Departmental

4

Executive Secretariat for records regarding the BARC, by Memorandum Opinion and Order dated November 2, 2006, the Court granted defendant's motion for summary judgment.  See Pustay Declaration at ¶ 11 and Exhibit G attached thereto.

13.    This Court concluded that defendant had "conducted a reasonable and adequate search for records responsive to plaintiff's FOIA request."[5]  See id.

Respectfully submitted,

_____s/_____
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

_____s/_____
RUDOLPH CONTRERAS, D.C. BAR # 434122
Assistant United States Attorney

_____s/_____
KAREN L. MELNIK, D.C. BAR # 436452
Assistant United States Attorney
United States Attorney's Office
Civil Division
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-0338

---

[5] Plaintiff subsequently appealed the Court's decision.  That matter is currently pending before the Court of Appeals (Docket No. 07-5001).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
DAMON ELLIOTT,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        Civil Action No. 07CV0205 (JDB)
                                        )
UNITED STATES DEPARTMENT                )
   OF JUSTICE,                          )
                                        )
                                        )
            Defendant.                  )
_____)

**ORDER**

UPON CONSIDERATION of Defendant's motion for summary judgment, the grounds

stated therefor, any opposition thereto, and the entire record herein, it is on this ___ day of

_____, hereby:

      ORDERED that Defendant's motion should be and hereby is GRANTED; and it is

      FURTHER ORDERED that this case is hereby DISMISSED WITH PREJUDICE.


                                        _____
                                        UNITED STATES DISTRICT JUDGE

cc:

Karen L. Melnik
Assistant U.S. Attorney
United States Attorney's Office
Judiciary Building, Rm. E 4112
555 Fourth Street, N.W.
Washington, D.C.  20530

Damon Elliott
Register No. 31034-037
P.O. Box 1034, FCC U.S.P.
Coleman, FL.  33521

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,                          )
                                        )
        Plaintiff,                      )
                                        )
            v.                          )       Civil Action No. 07-0205 (JDB)
                                        )
UNITED STATES                           )
    DEPARTMENT OF JUSTICE,              )
                                        )
        Defendant.                      )
_____)

## DECLARATION OF MELANIE ANN PUSTAY

I, Melanie Ann Pustay, declare the following to be true and correct:

1)  I am the Acting Director of the Office of Information and Privacy (OIP), United States

Department of Justice. Prior to January 4, 2007, I was the Deputy Director and the final

decision-making authority for the Initial Request (IR) Staff. The IR Staff is responsible for

searching for and reviewing records within OIP and the senior leadership offices of the

Department of Justice, including the Offices of the Attorney General, Deputy Attorney General,

and Associate Attorney General, in response to requests made under the Freedom of Information Act

(FOIA), 5 U.S.C. § 552 (2000 & Supp. IV 2004). The IR Staff determines whether records

responsive to access requests exist and, if so, whether they can be released in accordance with the

FOIA. In processing such requests, the IR Staff consults with personnel in the senior leadership

offices and, when appropriate, with other components within the Department of Justice as well as

with other Executive Branch agencies.

2)  I make the statements herein on the basis of personal knowledge, as well as on

information acquired by me in the course of performing my official duties.

-2-

**Plaintiff's FOIA Requests to OIP**

3)  By letter dated September 3, 2006, plaintiff submitted a FOIA request to OIP for records regarding the Beltsville Agricultural Research Center (BARC). Specifically, plaintiff sought a copy of the "[d]ocument ceding . . . jurisdiction over the land" of the BARC. Plaintiff's request was received by OIP on September 21, 2006. (A copy of plaintiff's September 3, 2006 FOIA request is attached hereto as Exhibit A.)

4)  Plaintiff's September 3, 2006 FOIA request was preceded by six additional FOIA requests plaintiff had already submitted to OIP, all for records concerning the BARC.[1] In response to those previous requests, OIP repeatedly advised plaintiff that OIP would not maintain the records he sought and that he should direct his request to either the BARC itself or the Department of Agriculture, which is responsible for administering the BARC.[2]

5)  Two days prior to receipt of plaintiff's most recent, September 6, 2006 FOIA request, in an effort to put this matter entirely to rest, the FOIA Specialist assigned to plaintiff's requests had conducted a search of the electronic database of the Departmental Executive Secretariat. This search, conducted on September 19, 2006, included both the Departmental Executive Secretariat's Intranet Quorum (IQ) database, which covers the period of January 1, 2001 through the present, and the Records Management System (RMS), which covers the period of 1987 through 2000.[3] By utilizing both database systems we ensured that our search would be likely to locate all records

---

[1] These previous FOIA requests were submitted by letters dated July 23, 2001, August 7, 2001, November 27, 2001, December 28, 2001, November 24, 2005, and December 7, 2005.

[2] OIP's responses to plaintiff's previous requests, dated September 11, 2001, March 13, 2002, March 19, 2002, and January 10, 2006, are attached hereto as part of Exhibit E.

[3] OIP's September 19, 2006 search of the Departmental Executive Secretariat was conducted in conjunction with plaintiff's previous litigation on this matter, discussed below.

-3-

responsive to plaintiff's request. The Departmental Executive Secretariat uses a central database

to control and track certain incoming and outgoing correspondence for the Department's senior

management offices and is the official records repository for the Offices of the Attorney General,

Deputy Attorney General, and Associate Attorney General. Records are entered into IQ and RMS

by trained Executive Secretariat analysts. The data elements entered into the system include such

items as the date of the document, the date of receipt, the sender, the recipient, as well as a

detailed description of the subject of the record. In addition, entries are made that, among other

things, reflect what action is to be taken on the record, which component has responsibility for

that action, and when that action should be completed. Key word searches of the electronic

database may then be conducted utilizing a single search parameter or combinations of search

parameters. Search parameters may include the subject, organization, date, name, or other key

words. Key word searches of both the IQ and RMS databases were conducted using the

following terms without a date restriction: "Beltsville Agricultural Research Center,"

"Beltsville," and "BARC." No records concerning the BARC were located in either database

maintained by the Departmental Executive Secretariat.

6) By letter dated October 18, 2006, OIP advised plaintiff that a search had been

conducted of the electronic database of the Departmental Executive Secretariat and that no

responsive records were located. Plaintiff was further advised that, as stated in previous

correspondence from OIP, to the extent that he is seeking records concerning the BARC he

should direct his request to the U.S. Department of Agriculture as the most likely federal agency

to maintain such records. Lastly, plaintiff was advised that, given the results of OIP's records

search and previous correspondence provided to plaintiff, OIP would not respond to any future

inquiries from plaintiff concerning the BARC. (A copy of OIP's October 18, 2006 letter is

-4-

attached hereto as Exhibit B.)

      7)  By letters dated October 23 and December 5, 2006, plaintiff administratively

appeal the action of OIP's IR Staff on his September 3, 2006 FOIA request.  These appeals

were received by OIP on January 26 and February 15, 2007.[4]  (Copies of plaintiff's administrative

appeals are attached hereto as Exhibit C.)

      8)  By letter dated February 21, 2007, OIP's Associate Director advised plaintiff that,

because he has filed a Complaint for judicial review of OIP's action on his September 3, 2006

FOIA request, his administrative appeal was being closed pursuant to 28 C.F.R. § 16.9(a)(3)

(2006).  (A copy of the Associate Director of OIP's February 21, 2007 letter is attached hereto as

Exhibit D.)

### Plaintiff's Previous Litigation

      9)  On June 21, 2006, plaintiff filed a Complaint with the Court in response to OIP's

alleged failure to respond to one of his requests regarding the BARC.  See *Damon Elliott v.*

*United States Attorney General*, Civil Action No. 06-1128 (JDB) (2006).  In my declaration dated

August 21, 2006, I stated that OIP had never received a September 2001 FOIA request from

plaintiff and that, in response to plaintiff's six previous requests on the same subject, OIP had

repeatedly advised plaintiff to direct his request either to the BARC itself or to the Department of

Agriculture.  (A copy of the August 21, 2006 Declaration of Melanie Ann Pustay is attached

hereto as Exhibit E.)

      10)  Pursuant to the September 21, 2006 Declaration of Tricia S. Wellman, then Acting

---

    [4]  Because of interrupted mail service, plaintiff's October 23, 2006 appeal letter was not received by OIP until after the receipt of his December 5, 2006 appeal letter.  As such, his earlier-dated letter was treated as a duplicate of his later-dated letter.

-5-

Deputy Director of OIP, OIP advised the Court that a search was conducted of the electronic

database of the Departmental Executive Secretariat on September 19, 2006, and no records

regarding the BARC were located. This records search, as described above, was conducted just

two days prior to receipt of plaintiff's September 3, 2006 FOIA request presently at issue before

the Court. (A copy of the September 21, 2006 Declaration of Tricia S. Wellman is attached hereto

as Exhibit F.)

      11) Based on OIP's description of its search of the electronic database of the

Departmental Executive Secretariat for records regarding the BARC, by Memorandum Opinion

and Order dated November 2, 2006, the Court granted defendant's motion for summary judgment.

In so doing, the Court concluded that defendant had "conducted a reasonable and adequate search

for records responsive to plaintiff's FOIA request."[5]  (Copies of the Court's November 2, 2006

Memorandum Opinion and Order are attached hereto as Exhibit G.)

      12) The Court previously determined that OIP conducted a reasonable and adequate

search in response to plaintiff's request for records regarding the BARC. The Complaint

presently before the Court addresses the same information – records regarding the BARC – that

plaintiff sought in his previous litigation.

      I declare under penalty of perjury that the foregoing is true and correct.


_Melanie Ann Pustay_
Melanie Ann Pustay


Executed this **20th** day of March 2007.

---

[5] Plaintiff subsequently appealed the Court's decision. That matter is currently pending before the Court of Appeals (Docket No. 07-5001).

# EXHIBIT A

Damon Elliott 31034-037
F.C.C. U.S.P.-2
P.O. Box 1034
Coleman, Fl. 33521

OFFICE OF INFORMATION
AND PRIVACY

SEP 2 1 2006

RECEIVED

September 3, 2006
RE: F.O.I.A. REQUEST

Dear Deputy Director:

I request a copy of the Document, ceding of jurisdiction over the land of the **Beltsville Agriculture Research Center** in Beltsville, Maryland pursuant Title 40 § 255.

Sencerly,

Damon Elliott

# EXHIBIT B



**U.S. Department of Justice**

Office of Information and Privacy

_____

_Telephone: (202) 514-3642_                              _Washington, D.C. 20530_

                                                                                            OCT 18 2006

Mr. Damon Elliott
Reg. No. 31034-037
F.C.C. U.S.P - 2
P.O. Box 1034                              Re:   OIP/06-R1046
Coleman, FL  33521                               MAP:TSW:DRH

Dear Mr. Elliott:

      This responds to your Freedom of Information Act request dated September 3, 2006, and received in this Office on September 21, 2006, in which you requested a copy of the title ceding jurisdiction over the Beltsville Agriculture Research Center pursuant to 40 U.S.C. § 255. This response is made on behalf of the Office of Information and Privacy.

      Please be advised that a search was conducted of the electronic database of the Departmental Executive Secretariat, which is the official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General and no records responsive to your request were located.

      In addition, as we advised you in previous correspondence, the Beltsville Agricultural Research Center is administered by the United States Department of Agriculture. Accordingly, to the extent that you are seeking information concerning that entity, you should direct your request to the Department of Agriculture at the following address:

                        Andrea E. Fowler
                        FOIA/PA Coordinator
                        Department of Agriculture
                        Room 440AA, Whitten Building
                        Washington, DC  20250-1300

      As this Office has no responsive records concerning the Beltsville Agricultural Research Center and has previously advised you to contact the Department of Agriculture directly, this Office cannot be of assistance in this matter. Therefore, we will not provide you with responses to inquiries of this nature in the future.

      If you consider my response to be a denial of this request, you may administratively appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, Suite 11050, 1425 New York Avenue, N.W., Washington, DC 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

                                          Sincerely,

                                          _Melanie Ann Pustay_

                                          Melanie Ann Pustay
                                          Deputy Director

# EXHIBIT C

2/15/07

07-0700 FOIA

(A)

OIP 7
# 06-R1046
Closed 10/18/06
Referral

app.

<u>Damon Elliott</u> 31034-037

F. C. C.  U. S. P.

P. O. Box 1034

Coleman, Fl. 33521

OFFICE OF INFORMATION
AND PRIVACY

FEB 1 5 2007

RECEIVED

October 23, 2006

RE: F.O.I.A. APPEAL

OIP/06-R1046

MAP: TSW: ORH

Dear Director :

    I consider the response to be a denial of my request, and I administratively appeal.

    Pursuant to Title 40 U.S.C. § 255, I request a copy of the title ceding of jurisdiction over the Beltsville Agriculture Research Center in Maryland with the U.S. Attorney General and the Governor of the State of Maryland.

        Respectfully,

      Damon Elliott

1/26/07

07-0534 ⒶⒶⒶ
OIF

app.   Damon Elliott 31034-037
        F. C. C.  U. S. P.
        P. O. Box 1034
        Coleman, FL. 33521

RECEIVED

JAN 26 2007

Office of Information and Privacy

December 5, 2006
RE: F. O. I. A. REQUEST APPEAL
OIP/06-R1046

Dear Director:

        Title 40 U.S.C. § 255 provides:

        that acceptance by the Federal
Government of exclusive or concurrent
jurisdiction cannot be presumed, but must be
demonstrated by filing a notice with the
Legislature of the State of Maryland and
the report of the Attorney General of the
United States that a perfect title had been
secured over the land of the Beltsville
Agriculture Research Center.
        This Office is the Custodian of the
Records, and Mr. Elliott request a copy
of the report.

                        Damon Elliott

# EXHIBIT D

**U.S. Department of Justice**

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

**FEB 2 1 2007**

Mr. Damon Elliott
Register No. 31034-037
United States Penitentiary                Re:    Appeal No. 07-0534
Post Office Box 1034                             Request No. OIP/06-R1046
Coleman, FL 33521                                JTR:SJV

Dear Mr. Elliott:

    You appealed from the action of the Initial Request Staff of the Office of Information and Privacy (OIP) on your request for access to records pertaining to the Beltsville Agricultural Research Center.

    I have been informed that you filed a Complaint for judicial review of the OIP's action in the United States District Court for the District of Columbia. Inasmuch as this matter is now before the Court, I am closing your appeal file in this Office in accordance with 28 C.F.R. § 16.9(a)(3) (2006).

Sincerely,

Janice Galli McLeod
Associate Director

FILE

# EXHIBIT E

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,                          )
                                        )
        Plaintiff,                      )
                                        )
        v.                              )        Civil Action No. 06-1128 (JDB)
                                        )
UNITED STATES                           )
    ATTORNEY GENERAL,                   )
                                        )
        Defendant.                      )
_____ )

## DECLARATION OF MELANIE ANN PUSTAY

I, Melanie Ann Pustay, declare the following to be true and correct:

1) I am the Deputy Director of the Office of Information and Privacy (OIP), United

States Department of Justice. In this capacity, I am the final decision-making authority for the

Initial Request (IR) Staff. The IR Staff is responsible for searching for and reviewing records

within OIP and the senior leadership offices of the Department of Justice, including the Office of

the Attorney General, in response to requests made under the Freedom of Information Act

(FOIA), 5 U.S.C. § 552 (2000 and Supp. III 2003). The IR Staff determines whether records

responsive to access requests exist and, if so, whether they can be released in accordance with the

FOIA. In processing such requests, the IR Staff consults with personnel in the senior leadership

offices and, when appropriate, with other components within the Department of Justice as well as

with other Executive Branch agencies.

2) I make the statements herein based on my personal knowledge, as well as on

information that I acquired while performing my official duties.

3) Plaintiff's complaint alleges that defendant did not respond within the required time

limits to a FOIA request plaintiff claims was made in September 2001. Plaintiff alleges that he

requested records concerning federal jurisdiction over the Beltsville Agricultural Research Center

(BARC) in Beltsville, Maryland. He does not provide a copy of the request, nor does he indicate

where it was directed within the Department of Justice, which has a decentralized system for

handling FOIA requests.

4) On August 1, 2006, OIP conducted a thorough search of Oracle, its electronic database

which tracks and monitors all initial FOIA and Privacy Act requests and administrative appeals

which are received by OIP. A keyword search was conducted to locate any initial requests

received from plaintiff using the terms "Damon"and "Elliott," his first and last names. OIP has

no record of receiving any initial request from plaintiff in September 2001.

5) OIP has, however, received six other letters from plaintiff starting in July 2001 for

records concerning the BARC. By letters dated July 23, 2001, August 7, 2001, November 27,

2001, December 28, 2001, November 24, 2005, and December 7, 2005, plaintiff submitted FOIA

requests to OIP for various records concerning the BARC. By letters dated September 11, 2001,

March 13, 2002, March 19, 2002, and January 10, 2006, OIP responded to each of these requests.

6) OIP repeatedly advised plaintiff that he should direct his request to either the BARC

itself or to the Department of Agriculture, which is responsible for administering the BARC.

(Copies of OIP's letters to plaintiff are attached hereto as Exhibits A, B, C, D, E.)

7) Based on a check of OIP's Oracle database, plaintiff did not administratively appeal

from any of the five responses provided to him.

I declare under penalty of perjury that the foregoing is true and correct.

Melanie Ann Pustay

Executed this 21st day of August 2006.

2



**U.S. Department of Justice**

Office of Information and Privacy **FILE COPY**

---

*Telephone: (202) 514-3642*                *Washington, D.C. 20530*

Mr. Damon E. Elliott                    SEP 1 1 2001
#31034-037
U.S. Penitentiary
Box PMB, 601 McDonough Blvd., SE         Re:    OIP/01-R0899
Atlanta, GA 30315                                MAP:TSW:AR

Dear Mr. Elliott:

    This responds to your letter dated July 23, 2001, and received in this Office on July 30, 2001, in which you asked us to "inform (you) with an affidavit whether the Federal Government has exclusive or concurrent jurisdiction over 3696 Sellman Road, Beltsville, Maryland." This response is made on behalf of the Office of Information and Privacy.

    Please be advised that the Freedom of Information Act (FOIA) provides a right of access to federal agency records that exist and can be located in agency files. The FOIA does not require federal agencies to conduct research or answer questions. See Hudgins v. IRS, 620 F. Supp. 19, 21 (D.D.C. 1985) (The "FOIA neither requires an agency to answer questions . . . or to create documents or opinions in response to an individual's request for information.") Accordingly, we are unable to assist you with your inquiry.

    If you consider my response to be a denial of your request, you may administratively appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

                Sincerely,

                Melanie Ann Pustay

                Melanie Ann Pustay
                Deputy Director

Exhibit A
Civil Action No. 06-1128



**U.S. Department of Justice**

Office of Information and Privacy **FILE COPY**

---

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

Mr. Damon E. Elliott                          Re:    OIP/01-R0949
8988 Cherry Lane                                     MAP:TSW:AR
Laurel, MD  20708

Dear Mr. Elliott:

SEP 1 1 2001

This responds to your letter dated August 7, 2001, and received in this Office on August 14, 2001, in which you asked if the "Beltsville Agricultural Research Center in Prince George's County, Maryland has been purchased by the United States with the consent of the Legislature of the State, within the jurisdiction of the Federal Courts." This response is made on behalf of the Office of Information and Privacy.

The Freedom of Information Act (FOIA) provides a right of access to federal agency records that exist and can be located in agency files. Accordingly, the FOIA does not require federal agencies to conduct research or answer questions. See Hudgins v. IRS, 620 F. Supp. 19, 21 (D.D.C. 1985) (The "FOIA neither requires an agency to answer questions . . . or to create documents or opinions in response to an individual's request for information.") However, in an effort to be of assistance, we are providing you with some general material on the Beltsville Agricultural Research Center (BARC), as a matter of agency discretion. For additional information, I would suggest you direct your inquiry to the FOIA office of the Agricultural Research Service at the address shown below. For your information, BARC is part of the Agricultural Research Service, the principal research component of the U.S. Department of Agriculture.

> USDA-REE-ARS-Information Staff, FOIA Office
> 5601 Sunnyside Avenue
> Bldg. 1, Room 2248, Mail Stop 5128
> Beltsville, MD 20705-5128

If you consider my response to be a denial of your request, you may administratively appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Melanie Ann Pustay

Melanie Ann Pustay
Deputy Director

Enclosure

## USDA Beltsville Area Agricultural Research Service



| Mission | Classroom | Research Center (BARC) | Area Home | Search |

**Research Institutes**

Animal & Natural Resources

Human Nutrition

Plant Sciences

National Arboretum

**Staff**

Director's Office

Facilities & Operations

Civil Rights

Directories

Awards

*Welcome to the Beltsville Area. We are pleased to have you visit. Come back often. - Phyllis Johnson, Director*

# Our Mission

The Beltsville Area consists of Agricultural Research Service (ARS) programs at the Beltsville Agricultural Research Center in Beltsville, MD; the US National Arboretum in Washington, D.C.; and worksites in Chatsworth, NJ; Presque Isle, ME; and McMinnville, TN. BARC is the largest and most diversified agricultural research complex in the world.

Beltsville's record of accomplishments and ongoing programs has made it a world leader in agriculture research. Its international reputation attracts thousands of visitors each year from the United States and abroad. ARS conducts research to develop and transfer solutions to agricultural problems of high national priority and provide information access and dissemination in order to:

- ensure high-quality safe food and other agricultural products; assess the nutritional needs of Americans
- sustain a competitive agricultural economy; enhance the natural resource base and the environment, and
- provide economic opportunities for rural citizens, communities, and society as a whole.

Research in the Beltsville Area addresses all of these goals through programs in

- the Animal & Natural Resources Institute
- the Beltsville Human Nutrition Research Center
- the Plant Science Institute
- the US National Arboretum

* Accessibility * Travel Directions * Webmaster * USDA Privacy Policy*
* Nondiscrimination Statement * System Usage Policy * Endorsement Disclaimer *
* United States Department of Agriculture * Agricultural Research Service *
Updated: June 4, 2001



Beltsville Agricultural Research Center home page                                    http://www.barc.usda.gov/

 **USDA** Beltsville Agricultural Research Center (BARC)

Mission | Classroom | Research Center (BARC) | Area Home | Search

**Research Institutes**

Animal & Natural Resources

Human Nutrition

Plant Sciences

National Arboretum

**Staff**

Director's Office

Facilities & Operations

Civil Rights

Directories

Awards

# Research Institutes



- Animal & Natural Resources
- Human Nutrition
- Plant Sciences
- National Arboretum

> **Notice:** Beltsville Agricultural Research Center (BARC) was reorganized on
> November 19, 2000. Some laboratory names and affiliations on web pages linked
> from this page will differ from those listed here. See our Reorganization
> Announcement for more information.
>
> Former web pages will be transfered gradually to new affiliations. Until then, you
> may access them from our Old Organization Chart.

## ⊕ Animal & Natural Resources Institute
*formerly Livestock & Poultry Sciences Institute*

### Laboratories

- Hydrology & Remote Sensing
  *formerly Hydrology Lab and Remote Sensing & Modeling Lab*
- Animal Improvement Programs
- Animal Manure & By-Products
  *formerly Nutrient Conservation & Metabolism*
- Animal Waste Pathogens
- Environmental Quality
- Food Technology & Safety
  *formerly Meat Science Research*
- Gene Evaluation & Mapping
- Germplasm & Gamete Physiology
- Growth Biology Laboratory
- Immunology & Disease Resistance
- Instrumentation and Sensing
- Parasite Biology, Epidemiology, & Systematics
- Research Animal Services
- Sustainable Agricultural Systems
- Veterinary Services

## ⊕ Beltsville Human Nutrition Research Center

### Laboratories

- Community Nutrition Research Group



- <u>Diet & Human Performance</u>
- <u>Food Composition</u>
- <u>Food Surveys Research Group</u>
- <u>Nutrient Data</u>
- <u>Nutrient Requirements & Functions</u>
- <u>Phytonutrients</u>

## ⊕ <u>Plant Sciences Institute</u>

### Laboratories

- <u>Alternate Crops & Systems</u>
- <u>Bee Research</u>
- <u>Chemicals Affecting Insect Behavior</u>
  *formerly Insect Chemical Ecology*
- <u>Fruit</u>
- <u>Insect Biocontrol</u>
- <u>Molecular Plant Pathology</u>
- <u>National Germplasm Resources</u>
- <u>Nematology</u>
- <u>Produce Quality & Safety</u>
  *formerly Horticultural Crops Quality*
- <u>Soybean Genomics & Improvement</u>
  *formerly Soybean and Alfalfa Research*
- <u>Systematic Botany & Mycology</u>
- <u>Systematic Entomology</u>
- <u>Vegetable</u>

## ⊕ <u>U. S. National Arboretum</u>

* <u>Accessibility</u> * <u>Travel Directions</u> * <u>Webmaster</u> * <u>USDA Privacy Policy</u>*
* <u>Nondiscrimination Statement</u> * <u>System Usage Policy</u> * <u>Endorsement Disclaimer</u> *
* <u>United States Department of Agriculture</u> * <u>Agricultural Research Service</u> *
Updated: August 3, 2001



Citation                    Search Result            Rank 14 of 20        Database
6/7/00 M2PW (No Page)                                                     ALLNEWSPLUS
6/7/00 M2 Presswire (Pg. Unavail. Online)
2000 WL 22275252
**(Publication page references are not available for this document.)**

M2 Presswire
Copyright 2000 M2 Communications, Ltd. All Rights Reserved.

Wednesday, June 7, 2000

Historic research center named for Henry A. Wallace

BELTSVILLE, MD -- Agriculture Secretary Dan Glickman today renamed a
major USDA research facility as the Henry A. Wallace Beltsville
Agricultural Research Center.

"Henry A. Wallace changed the face of American agriculture during his
career as a scientist and as Secretary of Agriculture," Glickman said.
"Wallace was committed to the idea that science is our best hope for
sustaining agriculture and preserving the environment."

Wallace served as Secretary of Agriculture from 1932-40, Vice
President of the United States from 1940-44, and Secretary of Commerce
from 1945-46. He also was a corn geneticist, an agricultural economist,
and a vigorous advocate of soil conservation and ecology.

Considered by many one of the country's greatest Secretaries of
Agriculture, Wallace framed the Agricultural Adjustment Act, which
stabilized farm prices and promoted soil conservation, helping America's
farmers survive the Great Depression. The Rural Electrification
Administration, food stamp program, the school lunch program, and the
Food for Peace program were all established under his leadership.

Wallace also created the emergency granary system through which the
Federal government purchases surplus grain and stores it against future
needs. His scientific contributions were numerous, including the
development of the first commercially viable hybrid corn strain. He
founded the first and most successful hybrid seed corn company which
significantly increased hybrid corn yields.

Wallace believed scientific research was the best way to advance
agriculture and maintain the quality of soil and the environment as a
whole. He directed a major expansion of the Beltsville Agricultural
Research Center in the 1930s. Today, the 6,500-acre scientific facility
in Beltsville, Maryland, is one of the largest agricultural research
centers in the world.

((M2 Communications Ltd disclaims all liability for information
provided within M2 PressWIRE. Data prepared by named party/parties.

Copr. © West 2001 No Claim to Orig. U.S. Govt. Works



**U.S. Department of Justice**

Office of Information and Privacy

*Telephone: (202) 514-3642*

*Washington, D.C. 20530*

MAR 1 3 2002

Mr. Damon Elliott
#31034-037
U.S. Penitentiary
Box PMB, 601 McDonough Blvd., SE        Re:   OIP/02-R0364
Atlanta, GA 30315                             CLM:DRH

Dear Mr. Elliott:

        This is to acknowledge receipt of your letter dated November 27, 2001, in which you requested a copy of a "'Certificate of Acceptance' of exclusive or concurrent ceded federal legislative jurisdiction over 3696 Sellman Road, Beltsville, Maryland 20705, and Building 22 of the Beltsville Agriculture Research Center." For your information, because of interrupted mail service, this Office did not receive your request until February 27, 2002. This response is being made on behalf of the Office of Information and Privacy.

        Please be advised that we addressed your request for this information in our letters to you dated September 11, 2001, in response to your two previous requests dated July 23, 2001, and August 7, 2001. In those letters, we advised you that the Freedom of Information Act (FOIA) provides a right of access to federal agency records that exist and can be located in agency files. The FOIA does not require federal agencies to conduct research or answer questions. We also advised you that you may wish to direct your inquiry to the FOIA Office of the Agricultural Research Service, the principal research component of the U.S. Department of Agriculture. In case you did not receive our previous letters, the address for the Agricultural Research Service is as follows:

        USDA-REE-ARS-Information Staff, FOIA Office
        5601 Sunnyside Avenue
        Bldg. 1, Room 2248, Mail Stop 5128
        Beltsville, MD 20705-5128

        If you consider my response to be a denial of your request, you may administratively appeal by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

                                Sincerely,

                                Melanie Ann Pustay
                                Deputy Director

        Exhibit C
        Civil Action No. 06-1128



U.S. Department of Justice

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*          *Washington, D.C. 20530*

MAR 19 2002

Mr. Damon Elliott
#31034-037
U.S. Penitentiary
Box PMB, 601 McDonough Blvd., SE          Re:    OIP/02-R0419
Atlanta, GA 30315                                CLM:DRH

Dear Mr. Elliott:

     This is to acknowledge receipt of your letter dated December 28, 2001, in which you
requested a copy of a "'Certificate of Acceptance' (Title 40 U.S.C. §255) of exclusive or concurrent
ceded, federal, legislative jurisdiction over Building 22 of the Beltsville Agriculture Research Center."
For your information, because of interrupted mail service, this Office did not receive your request until
March 13, 2002. This response is being made on behalf of the Office of Information and Privacy.

     Please be advised that we addressed your request for this information in our letters to you
dated September 11, 2001, and March 13, 2002, in response to your three previous requests dated
July 23, 2001, August 7, 2001, and November 27, 2001. In those letters, we advised you that the
Freedom of Information Act (FOIA) provides a right of access to federal agency records that exist and
can be located in agency files. The FOIA does not require federal agencies to conduct research or
answer questions. We also advised you that you may wish to direct your inquiry to the FOIA Office of
the Agricultural Research Service, the principal research component of the U.S. Department of
Agriculture. In case you did not receive our previous letters, the address for the Agricultural Research
Service is as follows:

          USDA-REE-ARS-Information Staff, FOIA Office
          5601 Sunnyside Avenue
          Bldg. 1, Room 2248, Mail Stop 5128
          Beltsville, MD 20705-5128

     If you consider my response to be a denial of your request, you may administratively appeal by
writing to the Co-Director, Office of Information and Privacy, United States Department of Justice,
Flag Building, Suite 570, Washington, D.C. 20530-0001, within sixty days from the date of this letter.
Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

          Sincerely,

          *Camm Mallon for*

          Melanie Ann Pustay
          Deputy Director

Exhibit D
Civil Action No. 06-1128



U.S. Department of Justice

Office of Information and Privacy

_____

*Telephone: (202) 514-3642*                    *Washington, D.C. 20530*

JAN 10 2006

Mr. Damon Elliott
Reg. No. 31034-037                    Re:    OIP/06-R0203
P.O. Box 150160                               OIP/06-R0224
Atlanta, GA 30315                             CLM:DRH

Dear Mr. Elliott:

　　　While handling your Freedom of Information Act request dated November 24, 2005, for a blueprint of the Beltsville Agricultural Research Center, the Department of Housing and Community Development of the Maryland Office of the Attorney General forwarded your request letter to this Office for direct response to you. Your letter was received in this Office on December 12, 2005. In addition, this also responds to your letter dated December 7, 2005, and received in this Office on December 16, 2005, in which you requested a blueprint of Building 22 within the Beltsville Agricultural Research Center. This response is made on behalf of the Office of Information and Privacy.

　　　Please be advised that the Beltsville Agricultural Research Center is administered by the United States Department of Agriculture. Accordingly, to the extent that you are seeking information concerning that entity, you should direct your request to the Department of Agriculture at the following address:

　　　　　　　　　Andrea E. Fowler
　　　　　　　　　FOIA/PA Coordinator
　　　　　　　　　Department of Agriculture
　　　　　　　　　Room 440AA, Whitten Building
　　　　　　　　　Washington, DC 20250-1300

I note that the Department of Housing and Community Development has already forwarded your November 24, 2005 request to the Department of Agriculture.

　　　If you consider my response to be a denial of this request, you may administratively appeal by writing to the Director, Office of Information and Privacy, United States Department of Justice, Flag Building, Suite 570, Washington, D.C. 20530-0001, within sixty days from the date of this letter. Both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

　　　　　　　　　　　　　　　　Sincerely,

　　　　　　　　　　　　　　　　Carmen L. Mallon
　　　　　　　　　　　　　　　　Chief, Initial Request Staff

Exhibit E
Civil Action No. 06-1128

# EXHIBIT F

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,                              )
                                           )
        Plaintiff,                         )
                                           )
        v.                                 )    Civil Action No. 06-1128 (JDB)
                                           )
UNITED STATES                              )
ATTORNEY GENERAL,                          )
                                           )
        Defendant.                         )
_____)

## DECLARATION OF TRICIA S. WELLMAN

I, Tricia S. Wellman, declare the following to be true and correct:

1) I am the Acting Deputy Director of the Office of Information and Privacy (OIP),

United States Department of Justice. In this capacity, I am the final decision-making authority

for the Initial Request (IR) Staff. The IR Staff is responsible for searching for and reviewing

records within OIP and the senior leadership offices of the Department of Justice, including the

Office of the Attorney General, in response to requests made under the Freedom of Information

Act (FOIA), 5 U.S.C. § 552 (2000 and Supp. III 2003). The IR Staff determines whether records

responsive to access requests exist and, if so, whether they can be released in accordance with the

FOIA. In processing such requests, the IR Staff consults with personnel in the senior leadership

offices and, when appropriate, with other components within the Department of Justice as well as

with other Executive Branch agencies.

2) I make the statements herein based on my personal knowledge, as well as on

information that I acquired while performing my official duties.

3) This declaration incorporates and supplements the August 21, 2006 declaration of

2

Melanie Ann Pustay.

4) In an effort to put this matter entirely to rest, after receiving a copy of plaintiff's September 2001 request with his "Motion for Summary Judgment," OIP staff conducted a search for records responsive to plaintiff's request.

5) On September 19, 2006, OIP staff conducted a search of the Departmental Executive Secretariat's Intranet Quorum (IQ) database, which covers the period of January 1, 2001 through the present, and the Records Management System (RMS), which covers the period of 1987 through 2000. By utilizing both database systems we ensured that our search would be likely to locate all records responsive to plaintiff's request. The Departmental Executive Secretariat uses a central database to control and track certain incoming and outgoing correspondence for the Department's senior management offices and is the official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General. Records are entered into IQ and RMS by trained Executive Secretariat analysts. The data elements entered into the system include such items as the date of the document, the date of receipt, the sender, the recipient, as well as a detailed description of the subject of the record. In addition, entries are made that, among other things, reflect what action is to be taken on the record, which component has responsibility for that action, and when that action should be completed. Key word searches of the electronic database may then be conducted utilizing a single search parameter or combinations of search parameters. Search parameters may include the subject, organization, date, name, or other key words. Key word searches of both the IQ and RMS databases were conducted using the following terms without a date restriction: "Beltsville Agricultural Research Center," "Beltsville," and "BARC." No responsive records were located

3

in either database maintained by the Departmental Executive Secretariat.

I declare under penalty of perjury that the foregoing is true and correct.

*Tricia S. Wellman*

Tricia S. Wellman

Executed this 21st day of September 2006.

# EXHIBIT G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,

    Plaintiff,

        v.

UNITED STATES ATTORNEY
GENERAL,

    Defendant.

Civil Action No.  06-1128 (JDB)

## MEMORANDUM OPINION

This matter is before the Court on the parties' cross-motions for summary judgment.

Having reviewed the motions and oppositions thereto, the Court will grant summary judgment

for defendant.

### I.  BACKGROUND

In September 2001, plaintiff submitted a request for information pursuant to the Freedom

of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to the United States Attorney General.

Complaint ("Compl.") at 1.  He sought "a copy of the 'Notice of United States Acceptance' of

jurisdiction Documents, over the Beltsville Agriculture Research Center in Beltsville, Maryland."

*Id.*  Plaintiff construed defendant's "fail[ure] to respond . . . within the time limits" set forth in 5

U.S.C. § 552(a)(6) as a denial of his request, and filed the instant civil action for disclosure in

full of the requested information.  *Id.* at 2.

Defendant found no record of having received plaintiff's September 2001 FOIA request.

-1-

Memorandum of Points and Authorities in Support of Defendant's Motion to Dismiss or for

Summary Judgment, Declaration of Melanie Ann Pustay ("Pustay Decl.") ¶ 4. Initially defendant

argued that dismissal of this action is warranted for plaintiff's failure to exhaust administrative

remedies before filing the instant action. *See id.* ¶ 7. In response, plaintiff submitted with his

summary judgment motion a copy of his request (with a certified mail return receipt) to show that

he had sought:

> a copy of the Title indicating acceptance of such jurisdiction over the
> lands of the Beltsville Agricultural Research Center in Beltsville,
> Maryland.

Plaintiff's Motion for Summary Judgment ("Pl.'s Mot."), Ex. A (September 2001 FOIA

Request).

Armed with a copy of plaintiff's FOIA request, staff of the Justice Department's Office of

Information and Privacy ("OIP") conducted a search for responsive records in September 2006.

Memorandum of Points and Authorities in Opposition to Plaintiff's Motion for Summary

Judgment and in Support of Defendant's Motion to Dismiss or for Summary Judgment ("Def.'s

Mot."), Declaration of Tricia S. Wellman ("Wellman Decl.") ¶¶ 4-5.[1] No responsive records

were located. *Id.* ¶ 5.

## II. DISCUSSION

### A. Summary Judgment Standard

The Court grants a motion for summary judgment if the pleadings, depositions, answers

---

[1]     Defendant proceeded with a search for responsive records in September 2006
"[i]n an effort to put this matter entirely to rest." Wellman Decl. ¶ 4. Presumably defendant
abandoned its argument for dismissal on the ground that plaintiff failed to exhaust administrative
remedies.

to interrogatories, and admissions on file, together with affidavits, show that there is no genuine

issue of material fact, and that the moving party is entitled to judgment as a matter of law. Fed.

R. Civ. P. 56(c). The moving party bears the burden of demonstrating an absence of a genuine

issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Factual assertions in

the moving party's affidavits may be accepted as true unless the opposing party submits his own

affidavits or documentary evidence to the contrary. *Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir.

1992).

In a FOIA case, the Court may grant summary judgment based on the information

provided in affidavits or declarations when the affidavits or declarations describe "the documents

and the justifications for nondisclosure with reasonably specific detail, demonstrate that the

information withheld logically falls within the claimed exemption, and are not controverted by

either contrary evidence in the record nor by evidence of agency bad faith." *Military Audit

Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981).[2] Such affidavits or declarations are

accorded "a presumption of good faith, which cannot be rebutted by 'purely speculative claims

about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. Sec. and

Exhchange Comm'n*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (quoting *Ground Saucer Watch, Inc.*

---

[2]    In support of its motion, defendant submits the declarations of Melanie Ann
Pustay and Tricia S. Wellman. Ms. Pustay, then the Deputy Director of the Justice Department's
Office of Information and Privacy ("OIP"), states that she had "final decision-making authority
for the Initial Request (IR) Staff," who are responsible for "searching for and reviewing records
within OIP and the senior leadership offices of the Department of Justice, including the Office of
the Attorney General, in response to requests made under [FOIA]." Pustay Decl. ¶ 1. Ms.
Wellman, OIP's current Acting Deputy Director, now exercises this authority. Wellston Decl. ¶
1. Ms. Pustay and Ms. Wellman make their declarations based upon their personal knowledge as
well as on information acquired while performing their official duties. Pustay Decl. ¶ 2;
Wellston Decl. ¶ 2.

*v. Central Intelligence Agency*, 692 F.2d 770, 771 (D.C. Cir. 1981)).

## B. Adequacy of Search

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was 'reasonably calculated to uncover all relevant documents.'" *Valencia-Lucena v. United States Coast Guard*, 180 F.3d 321, 325 (D.C. Cir. 1999) (quoting *Truitt v. Dep't of State*, 897 F.2d 540, 542 (D.C. Cir. 1990)); *see Campbell v. United States Dep't of Justice*, 164 F.3d 20, 27 (D.C. Cir. 1998) (FOIA requires agency to conduct search using methods reasonably expected to produce requested information). The agency bears the burden of showing that its search was calculated to uncover all relevant documents. *Steinberg v. United States Dep't of Justice*, 23 F.3d 548, 551 (D.C. Cir. 1994). To meet its burden, the agency may submit affidavits or declarations that explain in reasonable detail the scope and method of the agency's search. *Perry v. Block*, 684 F.2d 121 (D.C. Cir. 1982). In the absence of contrary evidence, such affidavits or declarations are sufficient to demonstrate an agency's compliance with the FOIA. *Id.* at 127. If the record "leaves substantial doubt as to the sufficiency of the search, summary judgment for the agency is not proper." *Truitt*, 897 F.2d at 542.

The Departmental Executive Secretariat "uses a central database to control and track certain incoming and outgoing correspondence for the Department's senior management offices and is the official records repository for the Offices of the Attorney General, Deputy Attorney General, and Associate Attorney General." Wellman Decl. ¶ 5. Trained analysts with the Executive Secretariat enter records into the Departmental Executive Secretariat's Intranet

Quorum ("IQ") database and the Records Management System ("RMS").[3]  *Id.*  Among the data entered are: the document's date, the date of its receipt, the sender's and recipient's names, a description of the subject matter, the action to be taken, the agency component responsible for that action, and a date by which the action should be completed.  *Id.*  Staff may then conduct "word searches of the electronic database" by using "[s]earch parameters [which] may include the subject, organization, date, name, or other key words."  *Id.*

In this case, the key word searches of IQ and RMS used the terms "Beltsville Agricultural Research Center," "Beltsville," and "BARC" without a date restriction.  Wellman Decl. ¶ 5.  No responsive records were located in either database.  *Id.*

The adequacy of an agency's search is not determined by the results of the search or by the quantity of information ultimately released.  Rather, "the adequacy of a FOIA search is generally determined . . . by the appropriateness of the methods used to carry out the search."  *Iturralde v. Comptroller of the Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003); *see Cleary, Gottlieb, Steen & Hamilton v. Dep't of Health and Human Serv.*, 844 F.Supp. 770, 777 n.4 (D.D.C. 1993) (the search, not the results of the search, must be reasonable).  Perfection is not required.  An agency's search is not presumed unreasonable because it fails to find relevant material.  *See Steinberg*, 23 F.3d at 551 (question is not "whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate"); *see also Meeropol v. Meese*, 790 F.2d 942, 952-53 (D.C. Cir. 1986).  No agency is required to produce records that it does not possess.  *See Rothschild v. Dep't of Energy*, 6

---

[3]      The IQ database covers the period from January 1, 2001 to the present, and the RMS covers the period from 1987 through 2000.  Wellman Decl. ¶ 5.

F.Supp. 2d 38, 40 (D.D.C. 1998).

Having reviewed the record and absent a challenge by plaintiff, the Court concludes that

defendant conducted a search that was reasonable and designed to locate the requested records.[4]

### III.  CONCLUSION

Defendant demonstrates its compliance with the FOIA by having conducted a reasonable

and adequate search for records responsive to plaintiff's FOIA request.  Accordingly, the Court

will grant defendant's motion for summary judgment.  An Order consistent with this

Memorandum Opinion will be issued on this same date.

_____/s/_____
JOHN D. BATES
United States District Judge

Date: November 2, 2006

---

[4]       Plaintiff did not file a reply to defendant's opposition to his summary judgment
motion.

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,

     **Plaintiff,**

      v.

UNITED STATES ATTORNEY
GENERAL,

     **Defendant.**

Civil Action No.  06-1128 (JDB)

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is hereby

ORDERED that defendant's motion to dismiss [Dkt. #9] is DENIED and its motion for summary judgment [Dkt. #10] is GRANTED.  It is further

ORDERED that plaintiff's motion for summary judgment [Dkt. #12] is DENIED.  It is further

ORDERED that JUDGMENT shall be entered for defendant.

This is a final appealable Order.  *See* Fed. R. App. P. 4(a).

SO ORDERED.

                                  /s/
                              JOHN D. BATES
                              United States District Judge

Date: November 2, 2006