UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAMON ELLIOTT,

    Plaintiff,

       v.

UNITED STATES DEPARTMENT OF JUSTICE,

    Defendant.

Civil Action No. 07-0205 (JDB)

## MEMORANDUM OPINION

This matter is before the Court on defendant's motion for summary judgment. For the reasons stated below, the motion will be granted as conceded.

In September 2006, plaintiff submitted a request under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to the United States Department of Justice ("Justice Department"). Complaint ("Compl.") at 2. He sought from the Justice Department's Office of Information and Privacy ("OIP") "a copy of the title ceding [] jurisdiction over the land of the Beltsville Agricultural Research Center in Beltsville, Maryland pursuant [to] Title 40 § 255." Defendant's Memorandum in Support of Motion for Summary Judgment (Def.'s Mot."), Declaration of Melanie Ann Pustay ("Pustay Decl."), Ex. A (September 3, 2006 FOIA Request).[1] By letter dated October 18, 2006, OIP notified plaintiff that its search of the Departmental Executive

---

[1] It appears that plaintiff's September 3, 2006 FOIA request was the seventh such request to OIP for records concerning federal ownership or control of the land on which the Beltsville Agricultural Research Center is located. *See* Pustay Decl. ¶ 4 & Ex. E.

Secretariat's Intranet Quorum database and Records Management System yielded no responsive records. Pustay Decl. ¶¶ 5-6 & Attach. B.

In his opposition, plaintiff neither challenges the adequacy of OIP's search nor otherwise takes exception to defendant's response to his FOIA request. *See* Plaintiff's Reply to Defendant's Opposition to the Motion for Summary Judgment ("Pl.'s Opp'n").[2] Where a party fails to oppose a motion, the Court may treat the motion as conceded. *See* LCvR 7(b) (authorizing the Court to treat a motion as conceded if the opposing party fails to timely file a memorandum of points and authorities in opposition); *see also FDIC v. Bender*, 127 F.3d 58, 67-68 (D.C. Cir. 1997) (treating plaintiff's summary judgment motion as conceded because defendant filed its opposition late). Because plaintiff nowhere addresses OIP's arguments for summary judgment, the Court deems the motion conceded.

An Order consistent with this Memorandum Opinion is issued separately.

/s/
JOHN D. BATES
United States District Judge

Date:  October 30, 2007

---

[2]  Instead, plaintiff asks that the Court "enter voluntarily [sic] dismissal without prejudice" pending the outcome of Civil Action No. 06-1128, or, in the alternative, grant his motion for appointment of counsel. Pl.'s Opp'n at 1. Both requests are denied. First, Civil Action No. 06-1128 already has been resolved in defendant's favor, *see Elliott v. United States Attorney General*, No. 06-1128 (JDB), 2006 WL 3191234 (D.D.C. Nov. 2, 2006), *aff'd*, No. 07-5001 (D.C. Cir. Aug. 1, 2007) (per curiam), and second, given the resolution of the instant civil action, plaintiff's request for appointment of counsel is moot.